IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL PULIDO ROMERO, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | No. CV-F-05-1016 REC <br> (No. CR-F-03-5373 OWW) <br> <br> ORDER DIRECTING PETITIONER <br> TO NOTIFY COURT THAT MOTION <br> BE RECHARACTERIZED AS MOTION <br> PURSUANT TO 28 U.S.C. § 2255 <br> OR TO WITHDRAW MOTION |

On August 5, 2005, petitioner Miguel Pulido Romero, proceeding <u>in pro per</u>, filed a "Motion to Dismiss or Review to Adjust Sentence, For Lack of Territorial Jurisdiction."

Petitioner was charged in Count One with conspiracy to distribute and possess with intent to distribute methamphetamine and aiding and abetting, and in Count Two with possession of methamphetamine with intent to distribute and aiding and abetting. Petitioner pleaded guilty to Count One pursuant to a written plea agreement. The plea agreement provided in pertinent part:

1

2. <u>Agreements by the Defendant</u>.

...

(d) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence which is in accordance with the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any other ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

...

5. <u>Factual Basis</u>.

The defendant will plead guilty because he is in fact guilty of the crime set forth in the Superseding Information, Cr.F.No. 03-5373 REC. The defendant also agrees that his guilty plea will be based upon the following facts, although he acknowledges that, as to other facts, the parties may disagree:

Beginning at a time unknown, but no later than on or about September 21, 2003, and continuing to on or about September 22, 2003, within the State and Eastern District of California, and elsewhere, defendant Miguel Pulido Romero did knowingly and intentionally agree and conspire with Sergio Martinez Galindo, Arturo Reyes Gutierrez and others to possess and distribute over 500 grams or more or a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Specifically, on September 22, 2003, a DEA Confidential Source and DEA Special Agent Eduardo Chavez, acting in an

1 undercover capacity, met with Galindo,
Gutierrez, and defendant Pulido Romero at a
2 Denny's Restaurant parking lot in
Bakersfield, California, for the purpose of
3 consummating a narcotics transaction. Prior
to this meeting, an informant had negotiated
4 with Galindo for the purchase of six (6)
pounds of crystal methamphetamine for
5 $24,000. Galindo had told informant that he
was traveling with an individual named
6 'Ricardo' (identified as Gutierrez) and
another individual nicknamed 'Guero' (later
7 identified as the defendant, Pulido Romero).

8 That afternoon, co-defendants
Galindo and Gutierrez arrived at the Denny's
9 parking lot in a blue station wagon. The
informant and agent Chavez met with them.
10 Defendant Pulido Romero walked over to meet
the group. When the informant asked to see
11 the merchandise, Galindo directed Gutierrez
to bring the blue station wagon and park it
12 near defendant Pulido Romero's green
Thunderbird. Agent Chavez observed Pulido
13 Romero reach into the driver's window, stop
the engine, and open the trunk and hood of
14 the Thunderbird. Gutierrez parked the
station wagon near the Thunderbird while
15 Galindo opened the hoods of both vehicles as
if to give the impression that they were
16 attempting to jump start the car.

17 Agent Chavez walked to the trunk of
the car and asked Pulido Romero if the
18 'stuff' was in the trunk. He said no and
pointed towards the hood of the vehicle.
19 Agent Chavez walked to the front of the Ford
Thunderbird and observed Galindo opening the
20 air filter portion of the engine. The agent
then saw six off-white oval size objects
21 wrapped in saran wrap, which chemical
analysis showed contained approximately 2,420
22 grams of methamphetamine.

23 Pulido Romero gave a false name
when he was arrested. A fingerprint check
24 revealed his true identity. At the time,
defendant Pulido Romero knew that
25 methamphetamine was a controlled substance.

26 Petitioner was sentenced by Judge Robert Coyle on May 17, 2004 to

3

120 months imprisonment, the mandatory minimum for the crime to which petitioner pleaded guilty.[1]  No appeal was filed.

In the instant motion, petitioner "demands of this legislative tribunal assembly the dismissal of this cause because of the lack of exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place" and further demanding

> of this court to establish the required exclusive Federal Jurisdiction that have been merely assumed in this matter, consisting of:
>
> 1.  Documentation showing ownership of each and every geographical location mentioned in the instant indictment wherein the alleged criminal activity took place.
>
> 2.  Documentation for legislature of the State of CALIFORNIA, surrendering jurisdiction to the Federal government over the same geographical location as in '1. [sic]
>
> 3.  Documentation pursuant to Title 40 U.S.C. § 255, wherein the United States accepted jurisdiction to the same geographical location as specified in #1, or documentation showing concurrent jurisdiction with the states over the geographical location in #1
> ....

Alternatively, the motion requests the court to reconsider the sentence imposed on him, contending that he is a young man, who has tried his best in prison, that this is his only crime, that he has a family to support which caused him to come to the United States for work, and that the court "now [has] the ability to

---

[1] Further proceedings in the underlying criminal action were transferred to the docket of Judge Oliver Wanger by order filed on May 31, 2005.

4

have the 'sentence be given to fit the crime,' because of the new Supreme Court Rulings, in BOOKER and BLAKELY."

As a general rule, challenges to the legality of a federal conviction and sentence must be brought pursuant to 28 U.S.C. § 2255 while challenges to the manner of execution of the sentence must be brought pursuant to 28 U.S.C. § 2241. United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).[2] Here, petitioner challenges the legality of his conviction and sentence.

In United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000), the Ninth Circuit holds:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents, or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

Therefore, before recharacterizing the instant motion as a motion for relief pursuant to Section 2255, the court advises petitioner that such a motion Section 2255 has a one-year

---

[2] Petitioner cannot obtain the relief sought by this motion pursuant to Rule 35, Federal Rules of Criminal Procedure, or pursuant to 18 U.S.C. § 3582(c) because he does not meet the criteria for reconsideration of an imposed sentence set forth therein.

limitation period.  This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because petitioner's conviction and sentence became final on May 27, 2004, petitioner must demonstrate that the one-year limitation period on the claims for relief asserted in the instant motion commenced to run after May 27, 2004 and within the meaning of the accrual dates set forth above.  Alternatively, petitioner must demonstrate by specific facts that he is entitled to equitable tolling of the one-year limitation period.  In Calderon v. U.S. Dist. Court for Central Dist. of Cal., 128 F.3d 1283 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 523 U.S. 1061 (1998), overruled on other grounds, 163 F.3d 503 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling.  However, the Ninth Circuit further held:

6

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

Id. at 1288-1289.  In addition, petitioner is advised that the failure to assert all claims for relief in a recharacterized Section 2255 motion can result in the later preclusion such claims in a "second or successive" Section 2255 motion.

ACCORDINGLY:

1.  Petitioner is hereby notified that the court finds that the instant motion should be recharacterized as a motion for relief pursuant to 28 U.S.C. § 2255.  Petitioner may withdraw the motion if he does not wish to pursue relief under Section 2255. Should petitioner choose to withdraw the motion, he must file a notice of withdrawal of the motion within 30 days of the filing date of this order.  If petitioner fails to file the notice of withdrawal within 30 days, the motion shall be adjudicated as a motion for relief under Section 2255.

2.  If petitioner decides to proceed pursuant to Section 2255, he must file an amended Section 2255 motion within 30 days of the filing date of this order setting forth all claims upon which he bases relief, the facts upon which he relies in contending that the claims in the Section 2255 motion are not time-barred and/or that petitioner is entitled to equitable

7

1  tolling.  Failure to timely comply will result in the dismissal
2  of the Section 2255 motion as time-barred.
3      IT IS SO ORDERED.
4  **Dated:  August 15, 2005**              /s/ Robert E. Coyle
   668554                                UNITED STATES DISTRICT JUDGE