IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL PULIDO-ROMERO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-F-05-1016 REC (No. CR-F-03-5373 REC) ORDER DENYING "(AMENDMENT &/or SUPPLEMENTAL TO) (August 5, 2005, Motion to Dismiss) MOTION TO DISMISS/VOID JUDGEMENT FOR LACK OF TERRITORIAL AND/OR SUBJECT MATTER JURISDICTION, (F.R.C.P. Rule 60(b)(4)-(6)" (Doc. 76) |
| Petitioner, | | |
| vs. | | |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

On August 5, 2005, petitioner Miguel Pulido Romero, proceeding <u>in pro per</u>, filed a "Motion to Dismiss or Review to Adjust Sentence, For Lack of Territorial Jurisdiction."

By Order filed on August 16, 2005, the court ruled in pertinent part:

> 1. Petitioner is hereby notified that the court finds that the instant motion should be recharacterized as a motion for relief pursuant to 28 U.S.C. § 2255.  Petitioner may withdraw the motion if he does not wish to pursue relief under Section 2255.  Should

1

|   |   |
|---|---|
| 1 | petitioner choose to withdraw the motion, he must file a notice of withdrawal of the |
| 2 | motion within 30 days of the filing date of this order.  If petitioner fails to file the |
| 3 | notice of withdrawal within 30 days, the motion shall be adjudicated as a motion for |
| 4 | relief under Section 2255. |
| 5 | 2.  If petitioner decides to proceed pursuant to Section 2255, he must file an amended |
| 6 | Section 2255 motion within 30 days of the filing date of this order setting forth all |
| 7 | claims upon which he bases relief, the facts upon which he relies in contending that the |
| 8 | claims in the Section 2255 motion are not time-barred and/or that petitioner is |
| 9 | entitled to equitable tolling.  Failure to timely comply will result in the dismissal of |
| 10 | the Section 2255 motion as time-barred. |

11    On September 9, 2005, petitioner filed a pleading captioned

12 "(AMENDMENT &/or SUPPLEMENTAL TO) (August 5, 2005, Motion to

13 Dismiss) MOTION TO DISMISS/VOID JUDGEMENT FOR LACK OF TERRITORIAL

14 AND/OR SUBJECT MATTER JURISDICTION, (F.R.C.P. Rule 60(b)(4)-(6))".

15 Other than the change of the wording of the caption of the motion

16 and the addition of the reference to Rule 60(b), Federal Rules of

17 Civil Procedure, petitioner's motion is identical in all respects

18 to the motion filed on August 5, 2005.  Petitioner did not comply

19 in any way with the court's August 16, 2005 Order.  However,

20 because of petitioner's reference to Rule 60(b), Federal Rules of

21 Civil Procedure, and because of petitioner's failure to allege

22 facts from which it may be inferred that a motion under Section

23 2255 is not time-barred or that petitioner is entitled to

24 equitable tolling, the court concludes that petitioner elects not

25 to proceed under 28 U.S.C. § 2255 because any such motion is

26 barred by the one-year limitation period and by the terms of

1 petitioner's written plea agreement.

2     Petitioner cannot rely on Rule 60(b), Federal Rules of Civil
3 Procedure, as the legal and procedural basis for dismissal of the
4 charges to which he pleaded guilty or for a reduction in his
5 sentence.  Petitioner cannot proceed with this motion pursuant to
6 Rule 60(b), Federal Rules of Civil Procedure, because the Federal
7 Rules of Civil Procedure do not apply to criminal cases.  <u>See</u>
8 <u>United States v. Andrade-Larrios</u>, 39 F.3d 986, 988 (9th Cir.
9 1994).  Challenges to the legality of a conviction or sentence
10 are brought pursuant to 28 U.S.C. § 2255.

11     ACCORDINGLY:

12     1.  Petitioner Miguel Pulido-Romero's "(AMENDMENT &/or
13 SUPPLEMENTAL TO) (August 5, 2005, Motion to Dismiss) MOTION TO
14 DISMISS/VOID JUDGEMENT FOR LACK OF TERRITORIAL AND/OR SUBJECT
15 MATTER JURISDICTION, (F.R.C.P. Rule 60(b)(4)-(6)" is denied.

16     IT IS SO ORDERED.

17 **Dated:  September 19, 2005**          **/s/ Robert E. Coyle**
    668554                                   UNITED STATES DISTRICT JUDGE

3